

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

**ENTERED**
**11/02/2011**

| | | |
|---|---|---|
| **IN RE:** | § | |
| **JULIET HOMES, LP,** | § | **Case No. 07-36424** |
|     **Debtor(s).** | § | |
| | § | **Chapter 7** |
| | § | |
| **JOSEPH M HILL CH 7 TRUSTEE,** *et al,* | § | |
|     **Plaintiff(s)** | § | |
| | § | |
| **VS.** | § | **Adversary Nos. 09-3429, 09-3441, 09-3442** |
| | § | |
| **ALEX ORIA,** *et al,* | § | |
|     **Defendant(s).** | § | **Judge Isgur** |

## <u>REPORT AND RECOMMENDATION</u>

The issue presented to the Court is whether to dismiss one party (Damazo Vidal) from these three related adversary proceedings with prejudice. The adversary proceedings assert claims by the Estate against an entity that has filed claims against the Estate. A dismissal with prejudice is treated as an adjudication on the merits. *Anthony v. Marion County General Hosp.*, 617 F.2d 1164, 1169-70 (5th Cir. 1980).

The essential claim against in these adversary proceedings against Vidal is that he received funds from a Ponzi-type scheme.

This Court may not issue a final order or judgment in matters that are within the exclusive authority of Article III courts. *Stern v. Marshall*, 131 S.Ct. 2594, 2620 (2011). Although the precise contours of *Stern* are not known, the Supreme Court has previously held that a fraudulent conveyance suit against a party that has not filed a claim against the Estate falls outside of any "public rights exception" that would allow adjudication by a bankruptcy judge without a jury. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33 (1989). The Court finds that *Stern* and *Granfinanciera*, read together, indicate an absence of constitutional authority for the entry of a final order by a bankruptcy judge.

The plaintiff and Vidal move for dismissal with prejudice. Fed. R. Bankr. P. 7041 incorporates Fed. R. Civ. P. 41. The parties have settled and the Court has approved the settlement. Pursuant to the settlement agreement, these adversary proceedings are to be dismissed with prejudice, with each party bearing its own costs. Accordingly, the undersigned recommends that the District Court dismiss these adversary proceedings with prejudice, with each party bearing its own costs.

SIGNED **November 1, 2011.**

_____
Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE